IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SYLVESTER CUNNINGHAM,
# 11912-029,

Petitioner,

vs.

JAMES CROSS,

Respondent.                                             Case No. 14-cv-1104-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter comes before the Court for consideration of Petitioner Sylvester Cunningham's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[1] Cunningham, an inmate who is currently confined in the Federal Correctional Institution located in Greenville, Illinois, brings this habeas action seeking to challenge his conviction and sentence under *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014). He claims that the acceptance of his felony guilty plea by a federal magistrate judge caused a structural defect in his conviction that now warrants automatic reversal (Doc. 6, p. 6).

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the

---

[1] The Court entered an order striking the original Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 because it was not signed. Cunningham was ordered to file a signed amended petition no later than November 25, 2014. The signed amended petition (Doc. 6) was timely filed and is now ripe for review.

district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the petition shall be **DISMISSED**.

## I. Background

On January 25, 2012, Cunningham was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Doc. 6, p. 2). *United States v. Cunningham*, Case No. 12-cr-00002-LRR-1 (N.D. Ia. 2012) ("criminal case"). On March 20, 2012, he consented to appear before a federal magistrate judge and enter a plea of guilty to the charge (Docs. 22-23, criminal case). At the conclusion of the hearing, Magistrate Judge Jon S. Scoles issued a "Report and Recommendation," in which he recommended that the federal district judge accept Cunningham's guilty plea (Doc. 24, criminal case). The parties were permitted to file objections to the Report and Recommendation on or before April 3, 2012 (*Id.*). No objections followed.

On April 4, 2012, Chief Judge Linda R. Reade accepted the guilty plea (Doc. 26, criminal case). Judgment was entered on August 16, 2012, and Cunningham was sentenced to a term of 60 months of imprisonment with the Federal Bureau of Prisons ("BOP") (Doc. 49, criminal case). Cunningham filed an appeal on October 17, 2014, and the appeal is pending.

*See United States v. Cunningham*, Appeal No. 14-3329 (8th Cir. 2014).[2]

## II. Amended Habeas Petition

In the amended petition, Cunningham claims that the magistrate judge's acceptance of his felony guilty plea violated the Federal Magistrates Act ("FMA"), 28 U.S.C. § 636, Federal Rule of Criminal Procedure 59, and his due process rights (Doc. 6, pp. 3-6). According to the petition, a magistrate judge was not authorized under the FMA to accept the felony guilty plea. Even if there was no prejudice or harm, Cunningham maintains that he is entitled to automatic reversal of his conviction and sentence (Doc. 6, pp. 5-6).

## III. Discussion

The instant petition raises a claim of legal error in Cunningham's conviction and sentence. However, petitions for writ of habeas corpus under Section 2241 are generally not used for this purpose. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Section 2241 petitions usually challenge the execution of a sentence. *See id*.

A federally convicted person may instead challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him, and a Section 2255 motion is typically the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). *See also Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012)

---

[2] Cunningham also filed a motion that was construed as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and denied by the United States District Court for the Northern District of Iowa on July 26, 2013. *See Cunningham v. United States*, Case No. 13-cv-00047-LRR (N.D. Ia. 2013).

(citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). However, Section 2255 generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255. Cunningham did not disclose whether he filed a Section 2255 motion prior to bringing the instant Section 2241 petition.[3]

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under Section 2241. *See* 28 U.S.C. § 2255(e). Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Cunningham invokes the "savings clause" in this case. As for its applicability, the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied. *See In re Davenport*, 147 F.3d at 610-12. First, a petitioner must show that he relies on a new statutory

---

[3] According to this Court's review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) on November 26, 2014, Plaintiff filed a motion under Section 2255 that was converted to a petition under Section 2241 and dismissed on July 26, 2013. *See Cunningham v. United States*, Case No. 13-cv-00047-LRR (N.D. Ia. 2013). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

interpretation case rather than a constitutional case. Secondly, the case was decided after the petitioner's first Section 2255 motion but is retroactive. Lastly, the alleged error resulted in a "fundamental defect" in the petitioner's conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id. See also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Under this standard, Section 2241 cannot provide Cunningham with the relief he seeks.

His reliance on *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), is misplaced. *Harden* is premised on longstanding Supreme Court precedents. *See, e.g., Peretz v. United States*, 501 U.S. 923, 931-33 (1991); *Johnson v. Ohio*, 419 U.S. 924, 925 (1974); *Brady v. United States*, 397 U.S. 742, 748 (1970). Cunningham has raised this claim on appeal, and the appeal is now pending. He could have raised this claim in a Section 2255 motion. There is no indication that he did, or that Section 2255 was inadequate for this purpose.

This case is clearly distinguishable from *Harden*. In *Harden,* the Seventh Circuit determined that, under the FMA, magistrate judges are "not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty." *Harden*, 758 F.3d at 888-91. The district judge did not make a decision to accept or reject Harden's felony guilty plea, after reviewing a report and recommendation. The magistrate judge accepted Harden's felony guilty plea.

Cunningham's case is different. Although he pleaded guilty at a hearing before a magistrate judge, the magistrate judge issued a report and

recommendation regarding the guilty plea. The district judge then had an opportunity to consider—and accept or reject—the recommendation, after the parties had an opportunity to file objections. In Cunningham's case, the district court accepted the guilty plea, sentenced Cunningham, and entered a judgment. The Seventh Circuit did not question this methodology in *Harden*, and Cunningham acknowledged in his amended petition that the Eighth Circuit also condones this procedure. *See United States v. Torres*, 258 F.3d 791, 796 (8th Cir. 2001).

And although *Harden* was decided on statutory grounds alone, Cunningham presents no other arguments that would entitle him to relief under Section 2241. The instant petition merely alludes to Federal Rule of Criminal Procedure 59 and due process violations. However, Cunningham develops no argument supporting these grounds for relief.[4] The Court is not obligated to make this argument for Cunningham, and it will not do so.

Based on the foregoing discussion, the Section 2241 petition shall be dismissed.

## IV. Disposition

**IT IS HEREBY ORDERED** that the Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 6) is summarily **DISMISSED** on the merits with prejudice. Respondent **JAMES CROSS** is also **DISMISSED** with prejudice.

---

[4] Presumably, Cunningham mentioned these alternative bases for relief because they are mentioned in *Harden*. *See Harden*, 758 F.3d at 887.

If petitioner wishes to appeal the dismissal of his habeas petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[5] appeal deadline. To appeal the dismissal of a Section 2241 petition, it is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 26th day of November, 2014.

David R. Herndon
2014.11.26
13:16:17 -06'00'

**District Judge**
**United States District Court**

---

[5] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).